**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS LOPEZ-AGUIAR,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-71715<br><br>Agency No. A098-443-036<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:     W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Juan Carlos Lopez-Aguiar, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order denying adjustment of status. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Garfias-Rodriguez v. Holder*, 702 F.3d 504, 512 n.6 (9th Cir. 2012) (en banc). We deny the petition for review.

Lopez-Aguiar contends that the agency erred in concluding that he was inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(I) and ineligible to adjust status under *Matter of Briones*, 24 I. & N. Dec. 355 (BIA 2007). The reasoning in *Garfias-Rodriguez* controls the analysis of whether Lopez-Aguiar can avoid the retroactive application of *Briones*. *See Garfias-Rodriguez*, 702 F.3d at 520 (holding that analysis under *Montgomery Ward & Co., Inc. v. FTC*, 691 F.2d 1322 (9th Cir. 1982) is necessary to determine retroactive effect of *Briones*). Like the petitioner in *Garfias-Rodriguez*, Lopez-Aguiar initially applied for adjustment of status before *Acosta v. Gonzalez*, 439 F.3d 550 (9th Cir. 2006) was decided, and during Lopez-Aguiar's proceedings the tension between 8 U.S.C. § 1255(i) and § 1182(a)(9)(C)(i)(I) was obvious and the ambiguity in law should have given him no assurances of his eligibility for adjustment of status. *See id.* at 522-23. Although the burden of removal weighs heavily in favor of Lopez-Aguiar, the same was true in *Garfias-Rodriguez*, where the court found that the interest in maintaining uniformity in the application of immigration law leaned in favor of retroactive application. *See id.* at 523. As there is no significant factual basis to distinguish Lopez-Aguiar's situation from the one presented in *Garfias-Rodriguez*

10-71715

for purposes of applying *Montgomery Ward,* we conclude that this court's holding in *Garfias-Rodriguez* applies to Lopez-Aguiar, rendering him ineligible for adjustment under § 1255(i).

Finally, Lopez-Aguiar's contention that the Attorney General exceeded his authority in promulgating 8 C.F.R. § 1240.26(i) is foreclosed by *Garfias-Rodriguez*, 702 F.3d at 525-27 (holding that the promulgation of 8 C.F.R. § 1240.26(i) was a proper exercise of the Attorney General's authority).

**PETITION FOR REVIEW DENIED.**